THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-00071-BO

JAMES MIKOLAJCZYK,          )
                            )
        Plaintiff,          )
                            )
v.                          )         O R D E R
                            )
UNITED STATES ARMY          )
                            )
        Defendant.          )

This matter comes before the Court on defendant's motion to dismiss. [DE 21]. The matter has been fully briefed and is ripe for adjudication. For the reasons that follow, defendant's motion is granted. The remaining motions [DE 19, 24] are denied as moot.

## BACKGROUND

In January 2018, a military judge sitting as a general court-martial convicted plaintiff of one specification of sexual abuse of a child in violation of the Uniform Code of Military Justice. 10 U.S.C. § 920b. Plaintiff was sentenced to 18 months imprisonment and was discharged from the service with a bad conduct discharge.

Plaintiff's counsel appealed the factual sufficiency of the evidence to the Army Court of Criminal Appeals ("ACCA") on the grounds that: (1) the information [the minor victim] provided both during her law enforcement interview and at trial contained numerous inconsistencies; (2) the testimony provided by a witness at trial, should be given little, if any, weight in corroborating [the victim's] allegation; and (3) the government offered no evidence of plaintiff's intent. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Mikolajczyk personally requested the ACCA consider: (1) whether plaintiff's conviction was legally sufficient; (2) whether plaintiff should have received sentence credit at his court-martial for the sentence imposed by the State of North

Carolina for the same course of conduct; (3) whether the government committed prosecutorial misconduct; and (4) whether the military judge was biased such that he determined plaintiff's guilt before reviewing the entirety of the evidence. Considering all of these issues *de novo*, the ACCA affirmed plaintiff's conviction and sentence.

Plaintiff appealed the ACCA's decision to the United States Court of Appeals for the Armed Forces ("CAAF"). Plaintiff's counsel argued that the government "failed to specify the manner of touching where the trial testimony was contradictory to pretrial interviews violated plaintiff's constitutional rights." [DE 22 (citing CR 9-17)]. Plaintiff's counsel also argued that the government committed prosecutorial misconduct by engaging in improper argument. In addition to the issues Mikolajczyk raised in his first appeal, he personally asked the CAAF whether his conviction was *factually* sufficient. The CAAF denied plaintiff's petition.

Now, plaintiff seeks collateral review of his conviction by raising the same arguments rejected by the ACCA and the CAAF. He asks this Court to overturn his conviction, remove him from the sex-offender registry, restore his 20-year military service with full benefits, and issue back pay from 2018-present. [DE 5].

## DISCUSSION

The first issue is whether this is a habeas petition or a non-habeas petition. A prior order noted that plaintiff "seeks non-habeas, collateral review of a court-martial conviction by the United States Army. . . ." [DE 6]. Plaintiff did not identify the basis for this court's subject matter jurisdiction but could potentially assert non-habeas jurisdiction by refiling a complaint asserting jurisdiction under 28 U.S.C. § 1331. *Allen v. United States Air Force*, 603 F.3d 423, 430 (8th Cir. 2010) (finding when a plaintiff is not in custody, "§ 1331 provides us with subject matter jurisdiction to review [the plaintiff's] challenge to the court-martial proceedings"). Plaintiff is not

2

in custody. Liberally reading plaintiff's *pro se* motion, this Court will assume jurisdiction pursuant to § 1331.

When confronted with a non-habeas collateral attack on a court martial judgment brought under 28 U.S.C. § 1331, the court's "role in this review is to determine whether the military courts fully and fairly considered" plaintiff's claims. *Allen*, 603 F.3d at 431. When a military court has "fully and fairly" considered issues raised in a collateral attack on a court-martial conviction, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns v. Wilson*, 346 U.S. 137, 142 (1953). "An issue has been given full and fair consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue." *Yongo v. United States*, No. 5:10-CV-220-F, 2013 WL 2285341, at *6 (E.D.N.C. May 23, 2013) (citing *Faison v. Belcher*, 496 F. App'x 890, 891 (10th Cir. 2012)). "It is the petitioner's burden to show that a military review was legally inadequate to resolve his claims." *Faison* 496 F. App'x at 891.

Plaintiff argues there was insufficient evidence to convict him beyond a reasonable doubt. He contends that North Carolina investigated his conduct and offered him a plea bargain. [DE 5]. He also claims Child Protective Services and Fort Bragg Army Community Services found him not guilty of abuse, much less sexual abuse. [DE 5]. He states the military trial court failed to properly consider a memo from child forensic psychologist Alicia Benedetto, who observed the court-martial as an expert witness. [DE 5]. Plaintiff argues, "[e]ven the forensic interviews with my daughter reveal she doesn't know the definitions of key words, and never says I molested her unless told to by an adult. She was an impressionable 3 year-old when the police first interviewed her, but almost 6 at the court-martial (meaning she had [the] prior 3 years of brainwashing by my

3

ex-wife, my accuser)." [DE 5]. Finally, plaintiff alleges that military prosecutors were malicious in their disregard of a lying witness. [DE 5].

These factual issues were thoroughly briefed and presented to the military appellate courts. In their rejection of plaintiff's arguments, those courts fully and fairly considered the issues currently raised before this Court. Plaintiff fails to show that the military appellate review was legally inadequate to resolve his claims.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 21] is GRANTED. Plaintiff's motion to amend or correct [DE 19] and plaintiff's motion for an extension of time [DE 24] are DENIED AS MOOT.

SO ORDERED, this __13__ day of February, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE